UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and HOWARD MCDOUGALL, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:11MC00233 AGF |
| KING DODGE, INC., WENDY SEWELL, and KENNETH SEWELL, | ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motions to compel made by Plaintiffs Central States, Southeast and Southwest Areas Pension Fund (the "Fund") and Howard McDougall. (Docs. 11, 13.)[1] On September 16, 2010, the Fund's counsel issued subpoenas from this Court to Defendants Wendy Sewell and Kenneth Sewell in an effort to collect upon an earlier judgment entered by the United States District Court for the Northern District of Illinois, Eastern Division. (Doc. 11-2 at ¶6; Doc. 11-3; Doc. 13-2 at ¶6; Doc. 13-3.) To date, the documents requested in the subpoenas have not been produced, and neither Ms. Sewell nor Mr. Sewell has served any objections to the subpoenas. (Doc. 11-1 at ¶¶10, 14.; Doc. 13-2 at ¶¶10, 14.) Plaintiffs now seek to have

---

[1] Plaintiffs originally filed their motions to compel and accompanying memoranda on April 22, 2011; however, the certificates of service contained within these documents were undated. (Docs. 3-6.) Plaintiffs thereafter filed the pending motions to compel and accompanying memoranda on May 11, 2011, which contained dated certificates of service. (Docs. 11-14.)

this Court order Ms. Sewell and Mr. Sewell to produce the requested documents within seven days of the Court's order on their motions to compel. Plaintiffs also move for an award of $750.00 from both Ms. Sewell and Mr. Sewell to compensate the Fund for the attorney's fees and costs incurred in bringing these motions. Defendants have failed to respond to Plaintiffs' motions, and the time to do so has since passed.

**Background**

On December 2, 2009, the Fund filed suit under the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1381-1461, against Defendant King Dodge, Inc. ("King Dodge") in the United States District Court for the Northern District of Illinois, Eastern Division, to collect withdrawal liability incurred after King Dodge had withdrawn from the Fund. The case was styled *Central States, Southeast and Southwest Areas Pension Fund, et al.*, Case No. 09 CV 7480 (N.D. Ill.) (the "Underlying Suit"). On July 27, 2010, the court in the underlying suit granted Central States' motion for summary judgment. On August 9, 2010, a judgment was entered against King Dodge in the amount of $709,094.97 (the "Judgment"). (Doc. 11-1.)

In support of their motions to compel, Plaintiffs have submitted the affidavits of the Fund's counsel, Charles H. Lee. (Doc. 11-2.) Mr. Lee states that according to information gathered in connection with the Underlying Suit, 51% of the stock of King Dodge is owned by the Wally Brinkmann Testamentary Trust (the "Testamentary Trust") and 49% of the stock of King Dodge is owned by the Dolores Brinkmann Revocable Trust (the "Revocable Trust"). (Doc. 11-2 at ¶5; Doc. 13-2 at ¶5.) Defendant Wendy Sewell is the Trustee of the Testamentary Trust and Kenneth Sewell is the Trustee of the

Revocable Trust. *Id.* On September 16, 2010, Mr. Lee issued subpoenas to Ms. Sewell, as Trustee of the Testamentary Trust, and to Mr. Sewell, as Trustee of the Revocable Trust, in an effort to collect on the Judgment. (Doc. 11-2 at ¶6; Doc. 11-3; Doc. 13-2 at ¶6; Doc. 13-3.) Because Ms. Sewell and Mr. Sewell both reside in Ballwin, Missouri, the subpoenas were issued from the United States District Court for the Eastern District of Missouri. (Doc. 11-3; Doc. 13-3.) The subpoenas commanded Ms. Sewell and Mr. Sewell to produce by November 15, 2010: (i) a copy of their respective trust, together with all amendments and attachments; (ii) all documents which governed the administration of their respective trust from its establishment to December 31, 2006; and (iii) any and all federal tax returns, including schedules and attachments thereto, filed on behalf of their respective trust for the tax years 2005 to 2007 and any related, underlying or supporting documentation. (Doc. 11-3 at 4; Doc. 13-3 at 4.) Ms. Sewell and Mr. Sewell were both served with their respective subpoenas on September 19, 2010. (Doc. 11-4; Doc. 13-4.)

Mr. Lee states that he has made numerous attempts to meet and confer with Stephen Evans, the attorney who represented King Dodge in the Underlying Suit and who advised Mr. Lee that he also represented Ms. Sewell and Mr. Sewell in connection with the subpoenas, regarding the production of the requested documents. (Doc. 11-1 at ¶8; Doc. 13-2 at ¶8.) Mr. Evans twice advised Mr. Lee that the requested documents would be produced, the latter time stating that the documents would be produced before the end of April 20, 2011. (Doc. 11-1 at ¶¶9, 14; Doc. 13-2 at ¶¶9, 14) To date, neither Ms. Sewell or Mr. Sewell has produced the requested documents or served any written

objections to either subpoena. (Doc. 11-1 at ¶¶10, 14.; Doc. 13-2 at ¶¶10, 14.) In the absence of any written objection, Plaintiffs filed these motions to compel.

## Legal Standard

Federal Rule of Civil Procedure 45(c)(2)(B) allows a "person commanded to produce documents or tangible things" pursuant to a subpoena, to serve written objections to the subpoena to the party or attorney designated in the subpoena, before the earlier of the time specified for compliance or 14 days after the subpoena is served. When a non-party subpoena recipient fails to respond to a Rule 45 subpoena, the party serving the subpoena may file a motion to compel compliance with the subpoena, and must provide notice of the motion to the person subject to the subpoena and to the other parties to the action. *See* Fed.R.Civ.P. 45(c)(2)(B)(i); Fed. R. Civ. P. 5(a)(1) (general requirement of service of all papers on all parties). The moving party carries the burden of showing that the requested documents are discoverable within the meaning of Federal Rule of Civil Procedure 26. Rule 26(b)(1) provides that "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1).

## Discussion

Plaintiffs argue that the documents requested by the two subpoenas are discoverable under Federal Rule of Civil Procedure 69(a)(2). Rule 69(a)(2) provides that "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from *any* person – including the judgment debtor – as provided in these rules . . . ." (emphasis added).

The Court finds that the categories of documents subpoenaed by Plaintiffs fall soundly within the scope of discovery allowed by Rule 69(a)(2). Because the Testamentary Trust and Revocable Trust were both owners of King Dodge, the trust-related documents and tax returns are legitimate subjects of inquiry. Under the MPPAA, all trades or businesses under the "common control" of King Dodge are jointly and severally liable for the withdrawal liability under the Judgment. 29 U.S.C. § 1301(b)(1). *See also Vaughn v. Sexton*, 975 F.2d 498, 502 (8th Cir. 1992). In order to determine whether an entity is under "common control," the MPPAA looks to whether the owners of King Dodge also have ownership interests in any other trade or businesses. 29 U.S.C. § 1301(b)(1); 26 C.F.R. § 1.414(c)-2.

Plaintiffs seek the requested documents in order to determine whether such joint and several liability exists. The Court therefore finds that Plaintiffs have met their burden of showing that the requested documents are discoverable under Rules 26 and 69. Moreover, by failing to timely serve written objections, Ms. Sewell and Mr. Sewell have waived any objections to the subpoenas. *See Union Pacific R. Co. v. Huxtable*, No. 8:05CV296, 2006 WL 2335220, *2 (D. Neb. Aug. 10, 2006) (citing *McCabe v. Ernst & Young, LLP*, 221 F.R.D. 423, 424-25 (D. N.J .2004)).

The Court will therefore grant Plaintiffs' motions to compel in part. However, the Court will deny Plaintiffs' request for attorney's fees and costs incurred in bringing these motions because Plaintiffs have failed to establish the legal or factual basis for their request of $750 each from Ms. Sewell and Mr. Sewell.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Defendant Wendy Sewell's Compliance With Subpoena (Doc. 11) is **GRANTED in part**.

**IT IS FURTHER ORDERED** that Defendant Wendy Sewell, as Trustee of the Wally Brinkmann Testamentary Trust, shall, within seven (7) days from the date of this Order, produce to Plaintiffs' counsel:

(i) A copy of the Wally Brinkmann Testamentary Trust, together with all amendments and attachments.

(ii) All documents which governed the administration of the Wally Brinkmann Testamentary Trust from its establishment to December 31, 2006.

(iii) Any and all federal tax returns, including schedules and attachments thereto, filed on behalf of the Wally Brinkmann Testamentary Trust for the tax years 2005 to 2007 and any related, underlying or supporting documentation.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel Defendant Kenneth Sewell's Compliance With Subpoena (Doc. 13) is **GRANTED in part**.

**IT IS FURTHER ORDERED** that Defendant Kenneth Sewell, as Trustee of the Dolores Brinkmann Revocable Trust, shall, within seven (7) days from the date of this Order, produce to Plaintiffs' counsel:

(i) A copy of the Dolores Brinkmann Revocable Trust, together with all amendments and attachments.

(ii) All documents which governed the administration of the Dolores Brinkmann Revocable Trust from its establishment to December 31, 2006.

(iii) Any and all federal tax returns, including schedules and attachments thereto, filed on behalf of the Dolores Brinkmann Revocable Trust for the tax years 2005 to 2007 and any related, underlying or supporting documentation.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel Defendant Kenneth Sewell's Compliance With Subpoena (Doc. 3) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel Defendant Wendy Sewell's Compliance With Subpoena (Doc. 5) is **DENIED as moot**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of July, 2011.